**ORIGINAL**



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| William M. Windsor Lawsuit | § | 3:14-MC-45-P |

## MOTION TO DECLARE LACK OF SUBJECT MATTER JURISDICTION

Comes Now, William M. Windsor ("Windsor") and files this MOTION TO DECLARE LACK OF SUBJECT MATTER JURISDICTION. Windsor shows the Court as follows:

1. Judge Thomas W. Thrash ("Judge Thrash") of the United States District Court for the Northern District of Georgia issued an alleged order on July 15, 2011 that purports to enjoin Windsor from filing any lawsuit in federal or any state court without first obtaining leave from a federal district court judge in the district where the lawsuit is to be filed.

2. Windsor filed a lawsuit in Ellis County Texas.

3. That case has been stayed pending issuance of an order by this Court on whether Windsor had the right to file that lawsuit.

4. Windsor sought leave of Judge Sidney Fitzwater to file the Ellis County action though Windsor feels Judge Thrash's order is void and absolutely improper as to any state court.

1

5. This court lacks subject matter jurisdiction over the relief requested in the request for leave, therefore the only valid disposition this Court can enter is a dismissal for want of jurisdiction.

6. On April 11, 2014, Windsor received a document titled "Order" from this Court. It is titled "IN RE: WILLIAM M. WINDSOR LAWSUIT, 3:14-MC-45-P."

7. The filing injunction is unconstitutional and void for several reasons. The injunction runs afoul of Article Three of the United States Constitution by exceeding the jurisdiction of the federal courts, interfering with the sovereignty of the states, asking federal courts to issue an advisory opinion, and impeding Windsor's First Amendment right to petition the government for a redress of grievances.

8. If this Court either denies or grants the motion, it too will be exceeding its authority and the order will be void. There is no reason for this Court to delay dismissing the request for leave for lack of subject matter jurisdiction. A prompt dismissal *for lack of subject matter jurisdiction* is necessary to allow Windsor to pursue his First Amendment right to redress.

9. Regardless of the validity of the filing injunction, the only inquiry in this court, is whether it has subject matter jurisdiction to grant or deny Windsor

leave to file state court claims in state court. Clearly, it does not.

## JUDGE THRASH EXCEEDED HIS AUTHORITY BY ISSUING THE ORDER OF JULY 15, 2011

10. The limited authority of a United States District Court is set forth in Article III of the United States Constitution.

11. Judge Thrash exceeded his authority by issuing an order that is in contravention of Article III of the United States Constitution.

12. The filing injunction against Windsor is unconstitutional.

13. A United States District Court has no power to interfere in the business of any state court.

14. In addition, Judge Thrash is effectively using the federal courts to issue an advisory opinion, which is absolutely prohibited.

## THERE IS NO CASE OR CONTROVERSY IN THIS COURT

15. There is no case or controversy in this court

16. **Article III: Clause 1 of Section 2** authorizes the federal courts to hear actual cases and controversies only. Their judicial power does not extend to cases which are hypothetical, or which are proscribed due to standing, mootness, or ripeness issues. Generally, a case or controversy requires the presence of adverse parties who have some interest genuinely at stake in the case. In *Muskrat*

3

*v. United States*, 219 U.S. 346 (1911), the Supreme Court denied jurisdiction to cases brought under a statute permitting certain Native Americans to bring suit against the United States to determine the constitutionality of a law allocating tribal lands. Counsel for both sides were to be paid from the federal Treasury. The Supreme Court held that, though the United States was a defendant, the case in question was not an actual controversy; rather, the statute was merely devised to test the constitutionality of a certain type of legislation. Thus the Court's ruling would be nothing more than an advisory opinion; therefore, the court dismissed the suit for failing to present a "case or controversy.

## THIS COURT LACKS SUBJECT MATTER JURISDICTION

17.   This Court does not have subject matter jurisdiction.

Federal court may not, via doctrine of "hypothetical jurisdiction," decide cause of action before resolving whether court has Article III jurisdiction; doing so would carry courts beyond bounds of authorized judicial action and thus offend fundamental principles of separation of powers, and would produce nothing more than hypothetical judgment, which would come to same thing as advisory opinion, disapproved by Supreme Court from the beginning; abrogating *SEC v. American Capital Investments, Inc.*, 98 F.3d 1133; *Smith v. Avino*, 91 F.3d 105; *Clow v. Dept. of Housing and Urban Development*, 948 F.2d 614; *Cross–Sound Ferry Services, Inc. v. ICC*, 934 F.2d 327; *United States v. Parcel of Land*, 928 F.2d 1; *Browning–Ferris Industries v. Muszynski*, 899 F.2d 151. U.S.C.A. Const. Art. 3, § 2, cl. 1. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)

> "Without jurisdiction, a court cannot proceed at all in any cause, as jurisdiction is power to declare the law; when jurisdiction ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

> "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)

> "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal." *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S.Ct. 116 (1920).
> To affirm order or judgment not within judicial power of United States, would be as serious a usurpation as issuing such order in first instance. *Page v. Schweiker*, 786 F.2d 150, 159-60 (3d Cir.1986)

> "Voidness is defined in terms of lack of jurisdiction or violation of due process." *United Student Aid Funds, Inc. v. Espinosa*, 559 U. S. 130 S. Ct. 1367, 176L. Ed. 2d 158, 170 (2010) (citing *Moore's*).

18. Even the failure to recognize this limitation and issue an order is something of an abuse of power. No court should hold any motion for relief when it knows it does not have the power to authorize that relief.

19. Federal courts do not have jurisdiction over state and local courts, and federal pre-filing injunctions may not apply to states.

> "...a district court's pre-filing injunction may not extend to filings in any federal appellate court, and ... a district court's pre-filing injunction may not extend to filings in any state court." (*Sieverding v. Colo. Bar Ass'n*, 469

5

F.3d 1340, 1344 (10th Cir. 2006). (See also *Baum v. Blue Moon Ventures*, LLC, 513 F.3d 181 (5th Cir. 01/03/2008).)

20. Federal case law provides that a judge is powerless if he fails to determine if he has jurisdiction. Judge Solis failed to consider or rule on jurisdiction in his April 8, 2014 ORDER.

21. In *Marathon Oil Co. v. Ruhrgas*, No. 96-20361 (5th Cir. 06/22/1998), the Fifth Circuit explains the importance of both subject matter and personal jurisdiction. *Marathon Oil Co. v. Ruhrgas* and cases cited therein provide case law to support this.

22. And the U.S. Supreme Court says (dating back to 1874) that "the validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties."

> (*Stoll v. Gottlieb*, 305 U.S. 165, 171-172 (1938); *Thompson v. Whitman*, 18 Wall. 457, 465 (1874); *Insurance Corp. of Ireland*, 456 U.S. 694 at 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492(U.S. 06/01/1982).)
>
> Federal courts are courts of limited jurisdiction, whose constitutional or congressional limitations must be neither disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375, 57 L. Ed. 2d 274, 98 S. Ct. 2396 (1978). Absence of subject matter jurisdiction may render a judgment void where a court wrongfully extends its jurisdiction beyond the scope of its authority. *Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (CA8)(1980) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171, 83 L. Ed. 104, 59 S. Ct. 134 (1938)), cert. denied 449 U.S. 955, 101 S. Ct. 363, 66 L. Ed. 2d 220 (1980).

23. The Fifth Circuit has recognized that federal courts do not have

jurisdiction over state and local courts, and federal pre-filing injunctions may not apply to states.

> "...a district court's pre-filing injunction may not extend to filings in any federal appellate court, and ... a district court's pre-filing injunction may not extend to filings in any state court." (***Sieverding v. Colo. Bar Ass'n***, 469 F.3d 1340, 1344 (10th Cir. 2006). (See also ***Baum v. Blue Moon Ventures***, LLC, 513 F.3d 181 (5th Cir. 01/03/2008).) (See also ***Article 3, U.S. Constitution***.)

24. The ORDER must be vacated, and this Court must issue an order stating that federal courts do not have jurisdiction over state court matters.

WHEREFORE, Windsor respectfully requests an order that:

    **a.** the ORDER of Judge Solis dated April 8, 2014 must be stricken;

    **b.** the United States District Court for the Northern District of Texas does not have subject matter jurisdiction to enable the Court to consider granting Windsor leave to file a lawsuit in state court;

    **c.** federal courts have no authority over state courts, so an order granting leave cannot be issued, and Judge Thrash's Order of July 15, 2011 in the United States District Court for the Northern District of Georgia, Case No. 1:11-CV-01923-TWT is not binding on any federal court; and that

    **d.** this Court grant such other and further relief as is appropriate.

Submitted this 24th day of July, 2014,

*[signature]*

**William M. Windsor**
PO Box 150325, Dallas, Texas 75315
Email: bill@billwindsor.com, Phone: 770-578-1094

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this document is proportionately spaced, using Times Roman typeface, 14 point.

Submitted this 24th day of July, 2014,

*[signature]*

William M. Windsor
PO Box 150325 * Dallas, TX 75315
Email: bill@billwindsor.com
Phone: 770-578-1094